# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## Case No. 16-25324-CIV-COOKE/TORRES

PACIFIC SOLAR ENERGY, S.A. de C.V.,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE
TREASURY, ACTING DIRECTOR OF THE
OFFICE OF FOREIGN ASSETS CONTROL,
OFFICE OF FOREIGN ASSETS CONTROL
AND SECRETARY OF THE TREASURY,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND TRANSFERRING CASE TO DISTRICT OF COLUMBIA

    Plaintiff Pacific Solar Energy brought this action against Defendants United States Department of Treasury, Secretary of the Treasury, Office of Foreign Assets Control ("OFAC"), and Acting Director of OFAC, requesting relief from OFAC's denial of Plaintiff's application for a license releasing funds blocked under the Foreign Narcotics Kingpin Designation Act ("Kingpin Act"), 21 U.S.C. §§ 1901–1908. Defendants subsequently filed the instant Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer ("Defendants' Motion") (ECF No. 18). Plaintiff filed its Response in Opposition to Defendants' Motion (ECF No. 27), and Defendants filed their Reply Memorandum (ECF No. 28). After reviewing the pending Motion, Plaintiff's Response and Defendants' Reply thereto, the record, and the relevant legal authorities, I grant Defendants' Motion in part and transfer the case to the District of Columbia for the following reasons.

### I.    BACKGROUND

    In 2015, Plaintiff sought to commence a project to install approximately 75,000 solar panels in a community in Honduras. Compl., ECF No. 1, ¶ 15. On or about May 19, 2015, Plaintiff applied for an insurance policy with Seguros Continental, S.A., a Honduran insurance company, which would provide for $45.5 million in coverage for damage to solar

panels and equipment during the construction of the project for a premium payment of $105,028.05 from Plaintiff. *Id.* at ¶¶ 16–17. On October 7, 2015, Plaintiff wired the premium payment from its account at Banco Santander International in Miami, Florida to the Insurer's account at Banco Continental, S.A. *Id.* at ¶ 18. On the same day, OFAC included Banco Continental on its List of Specially Designated Nationals or Blocked Persons under the Kingpin Act. *Id.* at ¶ 19; Blackborow Decl., ¶ 12. Subsequently, Plaintiff received notice that the transfer was blocked at U.S. Century Bank. Compl., ¶ 20.

On November 23, 2015, Plaintiff applied for a license to release the blocked funds. *Id.* at ¶ 48. After Plaintiff was notified that the OFAC Licensing Division could not locate the record of the funds, Plaintiff confirmed with U.S. Century Bank that the funds were blocked and then re-submitted its application. *Id.* at ¶¶ 49–50. On March 28, 2016, the Department of Treasury denied Plaintiff's request to release the funds. *Id.* at ¶ 51. On June 2, 2016, Plaintiff sent a letter to OFAC requesting reconsideration of the denial. *Id.* at ¶ 55. OFAC denied the request again on November 14, 2016. *Id.* at ¶ 58. The decisions regarding Plaintiff's license application were handled by OFAC staff in Washington, D.C. Blackborow Decl., ECF No. 18-1, ¶ 17. While OFAC maintains a small office of three employees in Miami, Florida, two of the employees work only on licensing issues pertaining to sanctions against Cuba and do not work on issues related to the Kingpin Act. *Id.* The third employee is part of OFAC's Enforcement Division and does not work on licensing issues at all. *Id.*

Plaintiff filed this action against Defendants to seek review of OFAC's denial of its application for a license releasing the blocked funds. Compl., ¶ 2. Subsequently, Defendants' filed the underlying Motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant can file a motion to dismiss for improper venue. Once a defendant moves to dismiss, the plaintiff bears the burden of showing that venue is proper. *See Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (stating a plaintiff need only make a prima facie showing of venue when no evidentiary hearing is held). While a court must take the facts of the complaint as true, it is only "to the extent they are uncontroverted by defendant['s] affidavits." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir.

2012) (quoting *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir.1990)). A court may consider evidence outside the complaint while drawing all reasonable inferences in favor of the plaintiff and making any findings of fact necessary to resolve the motion. *Estate of Myhra*, 695 F.3d at 1239; *Hemispherx*, 669 F. Supp. 2d at 1356.

If a district court finds a case is filed in the improper venue, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2012). Rule 12(b)(3) and § 1406(a) allow dismissal only when venue is "wrong" or "improper." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S. Ct. 568, 577 (2013). "[T]he decision whether to transfer a case is left to the sound discretion of the district court . . . ." *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). "Transfer of a case is generally considered to be more in the 'interest of justice' than outright dismissal of an action." *Forbes v. Lenox Fin. Mortg., LLC*, 2008 WL 2959727, at *4 (S.D. Fla. July 30, 2008). If a district court chooses to transfer a case, it must be to a venue in which the plaintiff could have originally brought the action. *Manley v. Engram*, 755 F.2d 1463, 1467 (11th Cir. 1985).

### III. DISCUSSION

Defendants move to dismiss for improper venue or, in the alternative, to transfer the case to the District of Columbia. Plaintiff asserts venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(e)(1)(A) and § 1391(e)(1)(B).[1]

#### A. Venue is improper under 28 U.S.C. § 1391(e)(1)(A)

Under § 1391(e)(1)(A), venue is proper in any district where "a defendant in the action resides." For venue purposes, a federal agency or officer resides where it "performs its official duties." *Brahim v. Holder*, 2014 WL 2918598, at *2 (S.D. Fla. June 26, 2014); *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1307 (N.D. Ala. 2003). Venue can properly lie in more than one jurisdiction because officers and agencies may have more than one residence. *Brahim*, 2014 WL 2918598, at *2 (citing *Bartman v. Cheney*, 827 F. Supp. 1, 2 (D.D.C. 1993)); *A.J. Taft Coal Co.*, 291 F. Supp. 2d at 1307 (citing *Bartman*, 827 F. Supp. 2)). However, a federal agency does not reside in a district merely because it has a regional

---

[1] Plaintiff does not assert venue is proper under § 1391(e)(1)(C). § 1391(e)(1)(C) provides that, if no real property is involved, venue is permissible in the district where the plaintiff resides. Plaintiff appears to be a resident of Honduras. Compl., ¶ 35.

3

office in that district. *Brahim*, 2014 WL 2918598, at *2 (citing *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978)).

Defendants argue that venue is not proper in this District because the residence of all the Defendants is Washington, D.C. Specifically, the agency Defendants United States Department of Treasury and OFAC contend that they have their headquarters and perform their official duties in Washington, D.C., making their residence Washington, D.C. Additionally, the officer Defendants Secretary of the Treasury and the Director of OFAC assert their residence is Washington, D.C. because they perform a significant amount of their official duties in Washington, D.C. Defendants conclude that because none of the Defendants reside in this District, venue is not proper under § 1391(e)(1)(A).

Plaintiff, however, argues the Southern District of Florida is the appropriate venue under § 1391(e)(1)(A) because OFAC has an office in Miami that works on licensing issues.[2] In response, Defendants produced a declaration of Davin J. Blackborow, the Assistant Director for Licensing at the OFAC, in which Defendants concede that OFAC has an office in Miami, but contend that this is a small regional office consisting of only three employees—none of which handled Plaintiff's claim. *See* Blackborow Decl., ¶ 17, ECF No. 18-1. Contrary to Plaintiff's assertions, the Blackborow Declaration further notes that the two employees in the OFAC's Miami Licensing Department only handle licensing issues dealing with Cuba. *See id.* Even though venue can properly lie in more than one jurisdiction for officers and agencies of the United States, I do not find the mere fact that OFAC has a regional office in Miami sufficient to render OFAC a resident of this District when the regional office did not, and would not, handle Plaintiff's claim. If I were to decide otherwise, I would thus be concluding that a federal agency could be sued wherever it maintains an office—which is most jurisdictions today—regardless of a district's contact with the action. *See Reuben H. Donnelley Corp.*, 580 F.2d at 267 ("The venue statute was not intended to permit forum-shopping, by suing a federal official wherever he could be found . .

---

[2] Plaintiff does not argue that the other Defendants—United States Department of the Treasury, Acting Director of OFAC, and the Secretary of the Treasury—reside in the Southern District of Florida. Therefore, this analysis pertains only to OFAC. If OFAC resides in this venue under § 1391(e)(1)(A), venue will be proper in this action because only one defendant must reside in this venue.

.") (internal quotation marks omitted). Because OFAC's Miami office did not handle Plaintiff's claim, I find OFAC is not a resident of this District for purposes of this action.

Plaintiff relies on the legislative intent at the time of the enactment of § 1391(e) to argue that this Court should find the Defendants reside in the Southern District of Florida. Specifically, § 1391(e) was enacted to relieve Washington, D.C. courts of their caseload and plaintiffs of the burden of litigating matters far from their residences. *See, e.g.*, *Milliken & Co. v. F.T.C.*, 565 F. Supp. 511, 515 (D.S.C. 1983) (quoting *Pruess v. Udall*, 359 F.2d 615, 618 (D.C. Cir. 1965)). While the statute is clear and therefore legislative intent is irrelevant, *see CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001), even if I were to apply Plaintiff's interpretation, it does not help Plaintiff. The intent to relieve the D.C. courts and assist plaintiffs applies to § 1391(e) generally, not specifically to whether Defendants' reside in a given district under § 1391(e)(1)(A).

> Because other portions of Section 1391(e) provide a wide choice of venue, the courts have not been willing to adopt an expansive interpretation of a defendant's official residence, either for individuals or agencies. For instance, they have rejected arguments that an agency resides wherever it has a regional office or that an officer can be sued in any district simply by joining a subordinate who resides in that district.

§ 3815 Particular Classes of Parties—Federal Officers or Agencies, 14D Fed. Prac. & Proc. Juris. § 3815 (4th ed.); *see also Brahim*, 2014 2918598, at *3 ("[T]he Defendant [Attorney General] resides in Washington, D.C., not the Southern District of Florida, for venue purposes."). Neither the plain language of the statute nor the legislative intent saves Plaintiff's argument.

Lastly, Plaintiff asserts Defendants are forum shopping because this Court and the Eleventh Circuit Court of Appeals have ruled against them in the past. *See Word Fuel Corp. v. Geithner*, 568 F.3d 1345 (11th Cir. 2009). However, this argument also supports the inference that Plaintiff itself is forum shopping. Regardless, Plaintiff's argument goes into the merits of this case, which is inappropriate under the pending motion. It is irrelevant whether the law of this circuit is more favorable to one party or another in deciding whether OFAC is a resident of this District. Accordingly, I find that venue is not proper under § 1391(e)(1)(A).

### B. Venue is not proper under 28 U.S.C. § 1391(e)(1)(B)

Plaintiff next argues that venue is appropriate under § 1391(e)(1)(B) because the events giving rise to this claim occurred in the Southern District of Florida. Under § 1391(e)(1)(B), venue is proper in any district where "a substantial part of the events or omissions giving rise to the claim occurred." To determine where these events or omissions occurred, only the events that directly give rise to a claim and only those locations hosting the substantial part of the events are deemed relevant. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).[3] When conducting a venue analysis, courts must focus on the relevant activities of the defendant—not of the plaintiff—that were "wrongful" or have a "close nexus to the wrong." *Jenkins Brick*, 321 F.3d at 1371–72. "Section 1391(e)(2) has been interpreted as requiring a court to focus on the actions of the defendant, not of the plaintiff." *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1308 (N.D. Ala. 2003) (citing *Rogers v. Civil Air Patrol*, 129 F.Supp.2d 1334, 1338 – 39 (M.D. Ala. 2001)).

Defendants rely on *Jenkins Brick* in asserting that venue under § 1391(e)(1)(B) is not proper because the alleged wrongful acts by Defendants occurred in Washington, D.C. and not in the Southern District of Florida. *Jenkins Brick*, 321 F.3d 1366. Defendants contend that the relevant actions that Plaintiff deems "wrongful" include Defendants' denial of Plaintiff's license application, Defendants' denial of Plaintiff's request for reconsideration, and OFAC's procedures employed in reaching these decisions. Because all of these acts occurred in Washington, D.C. and not the Southern District of Florida, Defendants conclude that venue is improper under § 1391(e)(1)(B).

Plaintiff claims a substantial part of the events giving rise to its claim did, in fact, occur in this District. Plaintiff specifically points to the following facts: the funds were housed and sent from Banco Santander in Miami; Banco Santander has a major office in

---

[3] As Defendants concede, *Jenkins Brick* does not address venue under § 1391(e)(1)(B) but addresses venue under 28 U.S.C. § 1391(a)(2), which was renumbered as 28 U.S.C. § 1391(b)(2) in 2011. *See* Federal Courts Jurisdiction and Venue Clarification Act of, PL 112-63, December 7, 2011, 125 Stat 758. However, "[b]ecause § 1391(e)(1)(B) is identical to 28 U.S.C. § 1391(b)(2), cases construing that general venue provision are 'helpful in construing this provision.'" *E.V. v. Robinson*, 200 F. Supp. 3d 108, 113 n.2 (D.D.C. 2016) (quoting 14D Charles Alan Wright et al., Federal Practice and Procedure § 3815 (4th ed. 2013)); *see also A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1308 (N.D. Ala. 2003) (analyzing § 1391(e)(1)(B) and § 1391(b)(2) together under the same standard to determine venue).

Miami; the funds were blocked by U.S. Century Bank in Doral, Florida; Plaintiff's executives and employees reside in Miami; Plaintiff's buying agent resides in Miami; and Plaintiff's attorneys reside in Miami and do not have an office in Washington, D.C.[4] *See* ECF No. 27, at 7–10.

Following the analysis in *Jenkins Brick* and *A.J. Taft*, I conclude that the alleged wrongful acts committed by *Defendants*—the relevant inquiry here—occurred in the District of Columbia. In *Jenkins Brick*, the court found the facts that did not have a "close nexus with the cause of action" were irrelevant. *Jenkins Brick*, 321 F.3d at 1372–73. For example, *Jenkins Brick* found an agreement that was sent from Alabama but executed in Georgia supported venue only in Georgia because only the execution of the contract had a "close nexus" with the cause of action for breach of contract. *Id.* Similarly to the case at bar, in *A.J. Taft*, the principal event that gave rise to the complaint was the Social Security Commissioner's Premium Decision. *A.J. Taft*, 291 F.Supp. 2d at 1308. Because the decision was "made in and issued in Baltimore, Maryland," Baltimore was a proper venue under "either §§ 1391(e)(1) or (e)(2)." *A.J. Taft*, 291 F.Supp. 2d at 1309.

Here, the fact that the funds were housed, sent, and blocked by a bank in this District does not make venue in this District proper. Defendants committed none of these actions and these events are not the proximate cause of and do not have a "close nexus" to Defendants' alleged failure and refusal to issue Plaintiff a license or change its policies; they are merely necessary causal events to this action. *See Forbes*, 2008 WL 2959727, at *3; *see also Woodke v. Dahm*, 70 F.3d 983, 985–86 (8th Cir. 1995) (acknowledging that something can be a "necessary event, in a causal sense," but is not "an event giving rise to [the plaintiff's] claim [when] it [is] not itself wrongful"). Plaintiff points out that when its funds were blocked, Plaintiff was told to contact a bank in this District. *See* ECF No. 1-2. I do not find this fact, standing alone, sufficient to make this District the proper venue in this matter. Defendants' alleged "wrongful" actions—blocking the funds and refusing to grant the license—were made in the District of Columbia as established by the Blackborow

---

[4] Plaintiff also relies on the ruling in *World Fuel Corp. v. Geithner*, 568 F.3d 1345 (11th Cir. 2009), which, according to Plaintiff, means Defendants applied the wrong standard in reviewing Plaintiff's license application. However, as previously mentioned, whether caselaw in this district is favorable to Plaintiff is irrelevant in deciding whether venue is proper.

7

Declaration. *See* Blackborow Decl., ¶¶ 14–16. Therefore, I conclude that the events that directly give rise to this claim occurred in the District of Columbia, making it the proper venue under § 1391(e)(1)(B).

The other facts Plaintiff relies upon in its argument—specifically that Plaintiff's attorneys, executives, employees, and buying agents reside in Miami—do not support venue under § 1391(e)(1)(B). These facts were also reiterated and discussed in detail in Plaintiff's Declaration of Amie Pelayo, an authorized agent of Plaintiff. *See* ECF No. 27-1. While these facts and arguments laid out in Plaintiff's Response and Declaration support keeping this action here out of convenience to the Plaintiff, these facts are irrelevant under a § 1391(e)(1)(B) analysis. *See Jenkins Brick*, 321 F.3d at 1371–72; *A.J. Taft*, 291 F.Supp. 2d at 1308. Accordingly, I find that venue is not proper under § 1391(e)(1)(B).

### C. Transfer is Proper

Because I have found venue in this District improper, Rule 12(b)(3) and § 1406(a) authorize dismissal of this case. *See Atlantic Marine Const. Co., Inc.*, 134 S. Ct. at 577. However, it is in the sound discretion of a district court to determine if it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2012); *see also Roofing & Sheet Metal Services, Inc.*, 689 F.2d at 985; *Forbes*, 2008 WL 2959727, at *4.

I find transfer to a forum in which the Plaintiff could have originally brought the action—here, the District of Columbia—to be in the "interest of justice." As previously established, venue is proper in the District of Columbia as all Defendants reside in the District of Columbia and Defendants' alleged "wrongful" actions occurred in the District of Columbia, satisfying venue under § 1391(e)(1)(A) and § 1391(e)(1)(B). Thus, this matter could have originally been brought in the District of Columbia. Plaintiff argues that the equities weigh strongly in favor of this Court retaining jurisdiction and respecting Plaintiff's choice of venue. However, as Defendants point out, this is the standard under § 1404(a) not § 1406(a), and presumes that venue in this district was proper in the first instance. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 (11th Cir. 1982) ("28 U.S.C. s 1406(a), . . . governs actions brought in an improper venue, [whereas] . . . s 1404(a), . . . governs actions brought in an inconvenient venue."). Because venue is not

proper in this District, Plaintiff's argument is unavailing. Accordingly, this matter will be transferred to the District of Columbia.

## IV. Conclusion

For the reasons stated above, Defendants' Motion (ECF No. 18) is **GRANTED in part** and **DENIED in part**. This matter shall be **TRANSFERRED** to the United States District Court for the District of Columbia.

**DONE and ORDERED** in chambers at Miami, Florida, this 29th day of December 2017.

_/s/ Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge