# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PACIFIC SOLAR ENERGY, S.A. de C.V.,

 *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*,

 *Defendants.*

Civil Action No. 18-48 (RDM)

## MEMORANDUM OPINION AND ORDER

 By all accounts, Plaintiff Pacific Solar Energy, SA, de C.V. ("Pacific Solar") did nothing wrong. It is a Honduran company that sought to make a payment of $105,028.05 to its insurer, Seguros Continental, which is also a Honduran company. Dkt. 1 at 8 (Compl. ¶¶ 15–17). Because the payment was to be made in U.S. dollars, Pacific Solar directed its bank in Miami, Florida—Banco Santander—to wire the premium payment to an account held by the insurer's Honduran bank—Banco Continental, S.A. ("Banco Continental")—at Banco Continental's correspondent bank in Miami—U.S. Century Bank—so that Banco Continental could then credit the transfer to the insurer's account in Honduras. *Id*. at 8–9 (Compl. ¶¶ 18–20); Dkt. 61-1 at 2 (SUMF ¶ 5).

 But, unbeknownst to Pacific Solar, Defendant U.S. Department of Treasury, through its Office of Foreign Assets Control ("OFAC"), designated Banco Continental as a Specially Designated Narcotics Trafficker pursuant to Foreign Narcotics Kingpin Designation Act ("Kingpin Act"), 21 U.S.C. § 1901 *et seq.*, just hours before Banco Santander wired Pacific Solar's funds to U.S. Century Bank. Dkt. 66 at 4; Dkt. 61-1 at 1 (SUMF ¶ 1). Because the

designation had the effect of blocking all property (and interests in property) of Banco Continental in the United States, *see* 21 U.S.C. § 1904(b), Banco Santander should not have made the transfer and U.S. Century Bank should not have accepted it, *id*. § 1904(c). But they did. Once U.S. Century Bank received the funds on behalf of Banco Continental, moreover, it should not have issued a credit transfer message or payment order to Banco Continental in Honduras for the purpose of transferring the funds from Banco Continental's correspondent account in the United States to Banco Continental in Honduras. But it did.

Pacific Solar's luck gets worse. Three days after OFAC blocked Banco Continental's accounts in the United States, the government of Honduras notified OFAC that it had initiated proceedings to liquidate Banco Continental, and the bank is now under the control of the Honduran government and has been placed in liquidation. Dkt. 29-1 at 17. Although the funds at issue were credited on Banco Continental's general ledger, they were never ultimately credited to the insurer's account. S*ee* Dkt. 45-1 at 19–22 (Exhibit B); *see also* Dkt. 45-1 at 13 (Manfull Decl. ¶ 63). The Honduran government, however, acknowledges that Banco Continental received the funds, and it has represented that Pacific Solar may file a claim against the estate of the bank in Honduras. S*ee* Dkt. 45-1 at 19 (Exhibit B).

This brings us to the present dispute: Shortly after OFAC blocked Banco Continental's U.S. accounts, Pacific Solar applied to OFAC for a license under 31 C.F.R. § 501.801 to unblock the $105,028.05 held at U.S. Century Bank, so that it could then recover the funds that it had sought to transfer to its insurer in Honduras. Dkt. 1 at 13 (Compl. ¶ 48). OFAC denied that application, concluding that U.S. Century Bank had properly blocked the transfer to Banco Continental and that "[i]t is OFAC's policy to license the release of blocked property only in limited circumstances" not present in this case. Dkt. 61-1 at 3 (SUMF ¶ 14). Pacific Solar asked

OFAC to reconsider, and OFAC denied that request. *Id*. at 3–4 (SUMF ¶ 15). After Pacific Solar brought this action challenging OFAC's denial, however, OFAC learned that U.S. Century Bank had issued the credit transfer message or payment order to Banco Continental in Honduras. *Id*. at 4 (SUMF ¶¶ 16–17). After further investigation, it then wrote to Pacific Solar stating that it was mistaken in its initial decision and that, in fact, the funds at issue are not blocked in the United States and that as a result, no OFAC license is necessary (or appropriate) to recover the funds in Honduras. *Id*.

The parties' cross-motions for summary judgment are pending before the Court. Dkt. 60; Dkt. 61. These motions address three questions, although the first question was raised by the Court and not the parties. First, in light of OFAC's representations that it is authorized only to block property located in the United States or held or controlled by a U.S. person, is Pacific Solar's claim seeking an OFAC license redressable for purposes of establishing Article III standing? Second, even if Pacific Solar has standing, is there any basis for the Court to set aside OFAC's determination that Pacific Solar does not need a license because the funds at issue are not located in the United States? Third, if Pacific Solar can clear the first two hurdles, is there any basis for the Court to set aside OFAC's decision declining to grant Pacific Solar a license?

As raised with the parties at a status conference on March 26, 2019, however, an OFAC regulation that was not addressed by OFAC in its administrative decisions and that was not addressed by either party in the briefs currently before the Court, poses at least two additional— albeit related—questions. *See* Minute Order (March 24, 2019); Minute Entry (March 26, 2019). That regulation, promulgated by OFAC pursuant to the Kingpin Act, states:

> Any transfer after the effective date that is in violation of any provision of this part or of any regulation, order, directive, ruling, instruction, or license issued pursuant to this part, and that involves any property or interest in property of a specially designated narcotics trafficker is null and void and shall not be the

>basis for the assertion or recognition of any interest in . . . such property or property interests.

31 C.F.R. § 598.205(a); *see also id*. § 598.302 (defining "effective date"); *id*. § 598.316 (defining "transfer"); *id*. § 598.314 (defining "specially designated narcotics trafficker"). The plain language of the regulation would seem to indicate that any transfer of funds made in violation of the Kingpin Act and OFAC's implementing regulations or orders is "null and void." This, then, raises two significant questions: First, if, as the parties agree, OFAC's blocking order was in place prior to U.S. Century Bank's initiation of a credit transfer message or payment order to Banco Continental in Honduras, does the regulation have the effect of nullifying or voiding that transfer, such that the funds held at U.S. Century Bank never made it to Honduras? Second, does this same reasoning apply to Banco Santander's initial transfer of funds into U.S. Century Bank, such that the payment from Pacific Solar never made it into Banco Continental's blocked accounts to begin with?

Because OFAC did not address the effect, if any, of the regulation on Pacific Solar's license application in its administrative decisions, the Court will deny both parties' cross-motions for summary judgment, Dkt. 60; Dkt. 61, and will remand the matter to OFAC for further consideration. It is a cardinal rule of judicial review that "agencies, not courts, should decide issues in the first instance, for courts 'cannot exercise their duty of review unless they are advised of the considerations underlying [agency] action.'" *Eisai, Inc. v. Food & Drug Admin.*, 134 F. Supp. 3d 384, 403 (D.D.C. 2015) (quoting *SEC v. Chenery Corp.* ("*Chenery I*"), 318 U.S. 80, 94 (1943)). Because an agency's "action must be measured by what [it] did, not by what it might have done," *Chenery I*, 318 U.S. at 93–94, the Court cannot address the meaning of the OFAC regulation—or how it might affect OFAC's determination of Pacific Solar's license application—when OFAC itself has not yet done so.

For the foregoing reasons, both Plaintiff's motion for summary judgment, Dkt. 60, and Defendants' cross-motion, Dkt. 61, are hereby **DENIED** without prejudice.  It is further **ORDERED** that the matter is remanded to OFAC to consider whether and how 31 C.F.R. § 598.205(a) and any related statutory or regulatory provisions apply to this matter.  It is further **ORDERED** that, within 45 days, (1) OFAC shall issue a decision addressing the questions posed by this opinion, or (2) the parties shall file a joint status report informing the Court where the matter stands and proposing next steps.

    **SO ORDERED**.

                                           /s/ Randolph D. Moss
                                           RANDOLPH D. MOSS
                                           United States District Judge

Date:  March 26, 2019